**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALLISON HETRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASCEND LEARNING, LLC,<br><br>Defendant. | Civil Action No. 1:25-CV-10103-NMG |

**ASCEND LEARNING, LLC'S REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Defendant Ascend Learning, LLC respectfully requests that the Court take judicial notice of the following exhibits filed in support of Defendant's Motion to Dismiss the Complaint:

- Exhibit A to the Declaration of Mark David McPherson in Support of Defendant's Motion to Dismiss: a true and correct copy of the "Why ATI" webpage on ATI's website, *available at* https://www.atitesting.com/about.
- Exhibit B to the McPherson Declaration: a true and correct copy of the "Test your A & P knowledge" webpage on ATI's website, *available at* https://www.atitesting.com/anatomy-and-physiology.
- Exhibit C to the McPherson Declaration: a true and correct copy of the "Elevate your nursing journey with ATI" webpage on ATI's website, *available at* https://www.atitesting.com/solutions.
- Exhibit D to the McPherson Declaration: a true and correct copy of the "Pharmacology Made Easy" webpage on ATI's website, *available at* https://www.atitesting.com/pharmacology/pharmacology-made-easy.
- Exhibit E to the McPherson Declaration: a true and correct copy of the "Learning Strategies: Your Guide To Classroom and Test-Taking Success" webpage on ATI's website, *available at* https://www.atitesting.com/pre-nursing-school/learning-strategies.
- Exhibit F to the McPherson Declaration: a true and correct copy of the "Review Module Package" webpage on ATI's website, *available at* https://www.atitesting.com/review-module-package.
- Exhibit G to the McPherson Declaration: a true and correct copy of the "Your Privacy Choices" pop-up on the homepage of ATI's website, *available at*

https://www.atitesting.com by clicking on "Your Privacy Choices" at the bottom of the page.

- Exhibit H to the McPherson Declaration: a true and correct copy of the Ascend Global Privacy Policy, *available at* https://auth.atitesting.com/policy.html?_gl=1*1af0b8d*_gcl_au*OTYxNDI3MjY3LjE3NDE4NzYwNTI.
- Exhibit I to the McPherson Declaration: a true and correct copy of the "Dosage Calculation & Safe Medication Administration" webpage on ATI's website, *available at* https://www.atitesting.com/pharmacology/dosage-calculation-safe-medication-administration.

## ARGUMENT

Because these documents, all of which are from ATI's publicly available website, are properly subject to judicial notice or incorporation by reference, the Court should consider them when ruling on Defendant's Motion to Dismiss.

### I. LEGAL STANDARD

#### A. Judicial Notice

When reviewing a motion to dismiss for failure to state a claim, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201 allows the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b). A court can consider documents relied on in a complaint, public records, and other documents subject to judicial notice without converting a motion to dismiss into one for summary judgment. *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008); *Jones v. Bank of N.Y. as Tr. for Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2004-7*, 542 F. Supp. 3d 44, 49 n. 1 (D. Mass. 2021). "[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Sarvis v. Polyvore, Inc.*, 2013 WL 4056208, at *3 (D. Mass. Aug. 9, 2013).

Judicial notice is mandatory if "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

**B. Incorporation by Reference**

In ruling on a motion to dismiss, a judge can review documents incorporated by reference in a complaint. *Barnstable Cnty. v. 3M Co.*, 2017 WL 6452245, at *3 (D. Mass. Dec. 18, 2017). This rule "[p]revent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents on which their claims are based[.]" *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (quotation marks omitted). When a complaint's factual allegations are expressly linked to and dependent upon a document, the authenticity of which is not challenged, the trial court can review that document in deciding a motion to dismiss under Rule 12(b)(6). *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998); *accord Clorox Co. P.R. v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (considering advertising material outside of the complaint in a motion to dismiss false advertising claim because material was integral to assessing the complaint's allegations); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (noting that even where the complaint does not mention a document, the document may still be considered if it is central to the plaintiff's claims and is

undisputed in terms of its authenticity). Webpages are no different; they may also be considered on a motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering webpages attached to motion to dismiss but not referenced in complaint).

"[A] court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002.

## II. THE COURT SHOULD GRANT JUDICIAL NOTICE

### A. Ascend's Privacy Policy, Privacy Opt-Out Function, and Publicly Available Webpages Are Incorporated by Reference in Plaintiff's Complaint.

Pursuant to the incorporation-by-reference doctrine, the Court may take notice of Exhibits A-F and I, true and correct copies of webpages available on the ATI website, and Exhibits G and H, true and correct copies of Ascend's privacy opt-out function and Privacy Policy publicly available on the ATI website. The Complaint relies upon this material. The Complaint cites the ATI website. (Dkt. 1 ¶ 2.) The crux of Plaintiff's claim is that Defendant disclosed her identity and website subscription without obtaining consent to do so. In other words, the entire claim revolves around the content of ATI webpages, including to what video content (or lack thereof) Plaintiff's subscription gives Plaintiff access and whether Plaintiff consented to any disclosure. Plaintiff's claims thus necessarily rely upon ATI's webpages. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (finding that documents quoted by plaintiffs in complaint, including information posted on webpages, were incorporated by reference and could be considered on review of motion to dismiss).

### B. Ascend's Privacy Policy, Privacy Opt-Out Function, and Publicly Available Webpages are Proper for Judicial Notice.

In addition to being incorporated by reference, the Court may take judicial notice of the exhibits because they are publicly available documents and their authenticity is not subject to dispute. McPherson Decl. ¶¶ 3-11; *Piper v. Talbots, Inc.*, 507 F. Supp. 3d 339, 343 (D. Mass. 2020) (Gorton, J.) ("Both printouts emanate from website postings that are publicly accessible and are, thus, readily verified through an internet search and plaintiffs do not contest the authenticity of either document."); *Polyvore, Inc.*, 2013 WL 4056208, at *4 n.3 ("[T]his court takes judicial notice of the Polyvore.com screenshots as information publicly displayed on a party's own website."); *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1101 n. 2 (9th Cir. 2014) ("We take judicial notice of the current version of the publicly-available HTTP specification . . . because it is referenced and relied on in the body of the complaint . . . and no party has questioned the authenticity of this document."). Courts routinely take judicial notice of company webpages and online privacy policies. *See, e.g.*, *Talbots, Inc.*, 507 F. Supp. 3d at 343 (taking judicial notice of printouts of websites of the frequently asked questions, loyalty program, and credit card program); *Schmidhauser v. Tufts Univ.*, 2024 WL 5111508, at *9 (D. Mass. Dec. 13, 2024) (taking judicial notice of information on the Tufts University website); *de Assis da Silva v. Voltech Elec., Inc.*, 2023 WL 11868491, at *3 (D. Mass. Oct. 30, 2023) (taking judicial notice of information on a law firm's website).

## CONCLUSION

For the foregoing reasons, Ascend respectfully requests that the Court take judicial notice of or incorporate by reference Exhibits A–I to the McPherson Declaration.

Dated: April 7, 2025

Respectfully submitted,

*/s/ Jennifer L. Chunias*

Jennifer L. Chunias
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
T: 617.570.1000
F: 617.523.1231
JChunias@goodwinlaw.com

Mark David McPherson (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
T: 212.813.8869
F: 212.202.4582
MMcPherson@goodwinlaw.com

Counsel for Defendant
Ascend Learning, LLC

**CERTIFICATE OF SERVICE**

I, Jennifer L. Chunias, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 7, 2025.

*/s/ Jennifer L. Chunias*
Jennifer L. Chunias