UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLISON HETRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASCEND LEARNING, LLC,<br><br>Defendant. | Civil Action No. 1:25-CV-10103-NMG<br><br>**ORAL ARGUMENT REQUESTED**<br><br>(Motion for Leave to File Reply Granted on June 24, 2025, Dkt. No. 36) |

**ASCEND LEARNING, LLC'S REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS THE
<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

## **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| 1. | Plaintiff cannot excuse the Amended Complaint's inability to identify Plaintiff's VPPA claim. | 1 |
| 2. | None of the cases Plaintiff relies on supports the argument that the mere disclosure that Plaintiff purchased a subscription to an educational course is a disclosure of "information which identifies a person as having requested or obtained *specific video materials or services* from a video tape service provider." | 2 |
| 3. | Ascend's limited disclosure of subscription information is permitted by the VPPA's marketing exception. | 4 |
| CONCLUSION | | 5 |
| CERTIFICATE OF SERVICE | | 7 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Collins v. Pearson Educ., Inc.*,
    721 F. Supp. 3d 274 (S.D.N.Y. 2024)..................................................................................2

*Hughes v. Nat'l Football League*,
    No. 24-2656, 2025 WL 1720295 (2d Cir. June 20, 2025) .....................................................4

*Manza v. Pesi, Inc.*,
    No. 24-CV-690-JDP, 2025 WL 1445762 (W.D. Wis. May 20, 2025) ...................................2

*Markels v. AARP*,
    689 F. Supp. 3d 722 (N.D. Cal. 2023) ...................................................................................2

*Martin v. Meredith Corp.*,
    657 F. Supp. 3d 277 (S.D.N.Y. 2023) ....................................................................................3

*Saunders v. Hearst Television, Inc.*,
    711 F. Supp. 3d 24 (D. Mass. 2024) ......................................................................................4

*Solomon v. Flipps Media, Inc.*,
    136 F.4th 41 (2d Cir. 2025) ...................................................................................................4

**Statutes**

18 U.S.C. § 2710..........................................................................................................................2, 4, 5

**Other Authorities**

Fed. R. Civ. P. 8................................................................................................................................2

Objections to Report and Reccomendation, *Haines v. Cengage Learning, Inc.*,
    No. 1:24-cv-710 (May 19, 2025 S.D. Ohio) ......................................................................2, 3

Order Denying Defendant's Motion to Dismiss, *Kueppers v. Zumba Fitness LLC*,
    No. 0:24-cv-61983 (S.D. Fla. May 8, 2025) .........................................................................3

Report and Reccomendation, *Haines v. Cengage Learning, Inc.*,
    No. 1:24-cv-710 (May 5, 2025 S.D. Ohio) ............................................................................2

Plaintiff's opposition (Dkt. 34) to Ascend's motion to dismiss (Dkt. 29) fails to overcome the reasons the Amended Complaint fundamentally fails: (1) the Amended Complaint does not provide Ascend with fair notice of Plaintiff's claim, (2) the alleged disclosure of a subscription to an educational course that may or may not include videos is not a violation of the VPPA, (3) the VPPA's marketing exception applies, and (4) acceptance of Plaintiff's theory would result in an expansion of the term "video tape service provider." Rather than go through all of those issues in this reply, we address here only a few arguments that need to be clarified, given Plaintiff's overstatement of the factual allegations or the case law.

1.  **Plaintiff cannot excuse the Amended Complaint's inability to identify Plaintiff's VPPA claim.** Plaintiff's VPPA claim turns on one allegation that does not actually tell Ascend or the Court what Ascend is alleged to have done wrong: Plaintiff alleges that Ascend discloses to Meta and Google "information that reveals a particular, individually identifiable person purchased access to a specific video *or* video review course on Defendant's Websites." (Dkt. 29 at 8.) Plaintiff explains that the allegation's disjunctive construction is meant to account for Plaintiff's supposed claim concerning Defendant's other websites in its "family of websites." (Dkt. 34 at 9.) Yet Plaintiff does not allege she interacted with any Ascend website except for ATI, depriving her of standing to bring any claim on behalf of anyone who may have used a different Ascend website. Plaintiff does not explain how she could possibly represent a user of a different website. Plaintiff's explanation is also inconsistent with her characterization that Ascend's other websites "operate in the same or a materially similar manner." (Dkt. 34 at 6.)

The Court should therefore view Plaintiff's either/or allegation for what it is: a semantic effort to avoid the concession that Ascend does not disclose specific video information. (*See* Dkt. 29 at 2-3, 8-9, 11.)

1

Plaintiff's either/or allegation renders inapposite the cases on Rule 8 that Plaintiff cites. *See Markels v. AARP*, 689 F. Supp. 3d 722, 726-27, 731 (N.D. Cal. 2023) (characterizing defendant's one-page Rule 8 argument as a "throw-away argument[]" where plaintiff alleged defendant transmitted to Meta "the title of each video accessed" by a user); *Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274, 280, 285 (S.D.N.Y. 2024) (allegation that defendant disclosed "the specific title of video material and/or services [plaintiff] requested or obtained and URLs to access those videos plaintiff requested or obtained"); *Manza v. Pesi, Inc.*, No. 24-CV-690-JDP, 2025 WL 1445762, at *3 (W.D. Wis. May 20, 2025) (allegation that defendant "uses a program called Meta pixel that sends to Meta the title of the video that the customer purchased"). Unlike the allegations of specific video title disclosures at issue in those cases, the Amended Complaint does not actually allege that Ascend discloses specific videos. It alleges, at most, that Ascend discloses information about subscriptions to educational courses. (*See* Dkt. 29 at 8-9.)

**2.     None of the cases Plaintiff relies on supports the argument that the mere disclosure that Plaintiff purchased a subscription to an educational course is a disclosure of "information which identifies a person as having requested or obtained *specific video materials or services* from a video tape service provider."** 18 U.S.C. § 2710(a)(3) (emphasis added). Plaintiff fails to mention that one of her key cases is a magistrate judge's report and recommendation, which is subject to pending objections and which has not yet been adopted. *See Haines v. Cengage Learning, Inc.*, No. 1:24-cv-710, ECF No. 18 (May 5, 2025 S.D. Ohio) (report and recommendation); *Haines*, No. 1:24-cv-710, ECF No. 19 (objections to report and recommendation) (attached as Exhibit 1). As the objections to the report demonstrate, the report is "unsupported by existing case law interpreting the precise meaning of [PII]" and it "has the effect of conflating the general *category* of something—here, an educational course—with

something *specific* within that category, as required by the statute." *Haines*, No. 1:24-cv-710, ECF No. 19 at 2, 6-13 (additionally noting that the cases relied upon in the report "all involve plaintiffs who have alleged far more than Plaintiff here—including that the defendant disclosed the specific name of the video materials watched or obtained by the plaintiff—a level of pleading sufficiency required to establish a claim under the VPPA").

*Kueppers v. Zumba Fitness LLC*, No. 0:24-cv-61983, ECF No. 23 (S.D. Fla. May 8, 2025), also does not support Plaintiff's argument. (*See* Dkt. 34 at 11-12.) Plaintiff's summary of *Kueppers*—as holding that "disclosing the name of the course alone was actionable under the VPPA" and that a plaintiff "need not allege that the specific video titles were disclosed" (*id.* (citing *Kueppers*, No. 0:24-cv-61983, ECF No. 23 at 5-6))— does not accurately reflect either the court's holding or the factual allegations the court considered to reach its holding. The alleged disclosure in that case was of "URLs identifying the prerecorded video materials [the plaintiffs] purchased." *Id.* at 2, 5-6. The Court held that the disclosure of a URL to a third party can violate the VPPA if the URL shows video content that plaintiff obtained: a plaintiff "need not allege that the specific video titles were disclosed; *rather, allegations that defendant disclosed a URL to a webpage containing the video that plaintiff obtained is sufficient*." *Kueppers*, No. 0:24-cv-61983, ECF No. 23 at 6 (emphasis added). As the cases cited in Ascend's brief show (*e.g., Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 284-85 (S.D.N.Y. 2023)), that is far from settled law. But that debate is academic here because in this case, Plaintiff cannot even allege that Ascend discloses a URL showing video content. Instead, the most she can allege is that Ascend discloses that a consumer purchases a subscription that may or may not include videos. (*See* Dkt. 29 at 11-14.) Despite her attempt to describe them as similar, not one of the

other cases Plaintiff cites denied a motion to dismiss a complaint based on the alleged disclosure of a course that may or may not include videos—as opposed to the actual purchase of videos.

3.  **Ascend's limited disclosure of subscription information is permitted by the VPPA's marketing exception.** The VPPA contains a number of exceptions, one of which permits disclosure of names and addresses for the "exclusive use of marketing goods and services directly to the consumer." 18 U.S.C. § 2710(b)(2)(D)(ii). Ascend's limited disclosure is protected by that exception.

There is nothing to Plaintiff's argument that Ascend discloses more than the exception allows. An email address is an "address." A Facebook ID is not something more than a name: indeed, some courts don't even consider disclosure of a Facebook ID to be personally identifiable,[1] but at the very most it could only be considered the equivalent of a name, not more. Plaintiff's phone number is public, as she admits in the Amended Complaint. (Dkt. 27 ¶ 79.) And as detailed in Ascend's brief, Plaintiff cannot allege that Ascend discloses specific video titles—at most it discloses the purchase of a subscription to an educational course that may or may not include videos related to the course. (*See* Dkt. 29 at 11-12.)

Plaintiff also must concede that Ascend's disclosure was for marketing purposes. Plaintiff argues that Ascend was "also motivated by increased revenue, user tracking, and measuring analytics" (Dkt. 34 at 17), but that's exactly what marketing is. The case Plaintiff cites to the contrary, *Saunders v. Hearst Television, Inc.*, 711 F. Supp. 3d 24, 32 (D. Mass. 2024), does not

---

[1] *Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 54 (2d Cir. 2025) ("Nor does the Complaint plausibly allege that an ordinary person could identify Solomon through her FID."); *Hughes v. Nat'l Football League*, No. 24-2656, 2025 WL 1720295, at *2 (2d Cir. June 20, 2025) ("*Solomon* effectively shut the door for Pixel-based VPPA claims.").

4

hold otherwise. The defendant in that case invoked the "ordinary course of business" exception; the court held that "marketing, advertising, and analytics" do not fall within that exception—but they do plainly fall within the marketing exception.

The Court also should reject Plaintiff's strawman argument that consumers "were not required to assent to any privacy policy" before making a purchase. (Dkt. 34 at 17.) That has nothing to do with whether they have the chance "to prohibit [the challenged] disclosure," as the VPPA's marketing exception requires. 18 U.S.C. § 2710(b)(2)(D)(i). Ascend does so. As detailed in our opening brief, the ATI website does allow users to prohibit disclosures. (Dkt. 29 at 15.) Plaintiff cannot argue otherwise, and the Court should decline Plaintiff's request that it ignore the "Privacy Policy." The Amended Complaint incorporates the ATI website by citing it throughout, the website clearly shows the privacy choices button available to users such as Plaintiff, and the Privacy Policy is central to Plaintiff's claim (which concerns the alleged unauthorized disclosure of her information). Ascend requests judicial notice to show that the consumer can make a choice to click the button and opt-out, not for the truth of statements on the website.

## CONCLUSION

For all of these reasons and those stated in the Motion to Dismiss, Defendant respectfully requests that the Court grant its motion and dismiss the Amended Complaint in its entirety and with prejudice.

|  |  |
|---|---|
| Dated: June 24, 2025 | */s/ Jennifer L. Chunias* <br> Jennifer L. Chunias <br> GOODWIN PROCTER LLP <br> 100 Northern Avenue <br> Boston, Massachusetts 02210 <br> T: 617.570.1000 <br> F: 617.523.1231 <br> JChunias@goodwinlaw.com <br><br> Mark David McPherson (*pro hac vice*) <br> GOODWIN PROCTER LLP <br> 620 Eighth Avenue <br> New York, New York 10018 <br> T: 212.813.8869 <br> F: 212.202.4582 <br> MMcPherson@goodwinlaw.com <br><br> Counsel for Defendant <br> Ascend Learning, LLC |

## CERTIFICATE OF SERVICE

    I, Jennifer L. Chunias, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 24, 2025.

                                                  */s/ Jennifer L. Chunias*
                                                  Jennifer L. Chunias