UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLISON HETRICK, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASCEND LEARNING, LLC,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-10103-NMG<br><br>(Motion for Leave to File Granted on July 25, 2025, Dkt. No. 40) |

**DEFENDANT ASCEND LEARNING, LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff's Notice of Supplemental Authority (Dkt. 38) argues that an order in *Haines v. Cengage Learning, Inc.*, 2025 WL 2045644, at *1 (S.D. Ohio July 22, 2025), supports her claim against Ascend Learning, LLC here. It does not.

In *Haines*, the court denied a motion to dismiss a VPPA claim because the plaintiff alleged disclosure of "the specific video URL to Meta." *Haines*, 2025 WL 2045644, at *4. Here, though, Plaintiff alleges, at most, that Ascend discloses to Meta or Google that she purchased a subscription to access unspecified videos, not a specific video. (*See, e.g.*, Dkt. 27 ¶¶ 3, 80; Dkt. 29 at 11-14.)

*Haines* also distinguished a recent decision dismissing a VPPA claim—a decision more similar to the allegations in Plaintiff's complaint here. *Lovett v. Continued.com, LLC*, 2025 WL 1809719 (S.D. Ohio July 1, 2025). In *Lovett*, as here, the plaintiff's VPPA claim was based on the allegation that the defendant disclosed the plaintiff's purchase of a subscription that would enable the plaintiff to access videos. *Lovett*, 2025 WL 1809719, at *3 ("[A]lthough Lovett alleges that Continued disclosed her FID and website subscription, she does not allege facts giving rise to a

1

reasonable inference that Continued disclosed the URL or name of the videos she accessed by way of that subscription, or anything else that would allow Meta (or anyone else) to determine the particular videos she watched. And that deficiency is fatal to her claim."). Plaintiff's complaint against Ascend is more like the complaint in *Lovett* (which did not survive dismissal) than in *Haines* (which did). As in *Lovett*, Plaintiff alleges, at most, only that Ascend discloses to Meta or Google that she purchased a subscription to access unspecified videos. (*See, e.g.*, Dkt. 27 ¶¶ 3, 80; Dkt. 29 at 11-14.) Plaintiff does not allege, as in *Haines*, that she purchased a specific video, the title and URL of which was allegedly disclosed. *See Haines*, 2025 WL 2045644, at *4 (distinguishing *Lovett* because "Lovett failed to allege that the defendant disclosed the specific video URL to Meta, unlike Plaintiff's claims here").

| | |
|---|---|
| Dated:  July 25, 2025 | */s/ Jennifer L. Chunias*<br>Jennifer L. Chunias (BBO# 644980)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, Massachusetts 02210<br>T: 617.570.1000<br>F: 617.523.1231<br>JChunias@goodwinlaw.com<br><br>Mark David McPherson (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, New York 10018<br>T: 212.813.8869<br>F: 212.202.4582<br>MMcPherson@goodwinlaw.com<br><br>Counsel for Defendant<br>Ascend Learning, LLC |

**CERTIFICATE OF SERVICE**

    I, Jennifer L. Chunias, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 25, 2025.

                                                 */s/ Jennifer L. Chunias*
                                                 Jennifer L. Chunias