## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALLISON HETRICK, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ASCEND LEARNING, LLC,<br><br>       Defendant. | Civil Action No. 1:25-cv-10103-NMG |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26, Defendant Ascend Learning, LLC respectfully requests a temporary stay of discovery pending the Court's resolution of Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint. A temporary stay will avoid the cost and burden of discovery until this Court has rendered its threshold determination on the viability of Plaintiff's claim, which will conserve judicial and party resources, facilitate the prompt and efficient resolution of this lawsuit, and spare both parties and this Court from potentially unnecessary expenditure of time and expense in discovery. *Cf.* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure" should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Balancing the proportionate interests and burdens, there is good cause for Ascend's request for a temporary stay of discovery. Without a stay, Ascend will be forced to shoulder the burden of undertaking expensive discovery that may be for naught depending on the Court's ruling. The Court should therefore stay discovery until after it rules on Ascend's motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts one claim for relief against Ascend—a claim under the Video Privacy Protection Act, 18 U.S.C. § 2710. One of Ascend's businesses, Assessment Technologies Institute, LLC, offers student-facing services on its website, including books to review certain topics, online coaching, practice quizzes, and review courses. (*See* Dkt. 27 ¶¶ 20-22; Dkt. 29 at 4.) Plaintiff focuses her allegations on the ATI website. Plaintiff filed a complaint on January 14, 2025 (Dkt. 1), and Ascend filed a motion to dismiss on April 7, 2025 (Dkt. 20). Rather than oppose the motion to dismiss, Plaintiff filed a First Amended Class Action Complaint, alleging that Ascend violates the VPPA by disclosing to Meta or Google that Plaintiff purchased a subscription to access unspecified videos. (*See, e.g.*, Dkt. 27 ¶¶ 3, 80; Dkt. 29 at 11-14.) Ascend moved to dismiss the First Amended Complaint on May 12, 2025, seeking full dismissal. (Dkt. 28.)

While Ascend's motion to dismiss was pending, but before the parties' Rule 26(f) conference, Plaintiff sent Defendant's counsel requests for production and interrogatories. Plaintiff then scheduled the Rule 26(f) conference, which the parties held on September 3. At that conference, Ascend asked Plaintiff to agree to a stay of discovery pending a ruling on the motion to dismiss for the sake of efficiency. Plaintiff refused.

There is currently no discovery schedule in place and no Rule 16 conference with the Court has been scheduled.

## ARGUMENT

"Trial courts have broad discretion in determining the timing of pretrial discovery," *Dynamic Image Techs., Inc. v. U.S.*, 221 F.3d 34, 38 (1st Cir. 2000), including "broad discretion to stay discovery pending resolution of a motion to dismiss." *Dicenzo v. Mass. Dep't of Corr.*, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (granting motion to stay discovery pending

2

resolution of motion to dismiss). A stay may appropriately be granted upon a moving party's "showing good cause and reasonableness for a stay of discovery." *Id.* Here, good cause supports a stay: (1) Ascend's motion to dismiss which may narrow the scope of, or altogether eliminate the need for, discovery and (2) a stay of discovery pending the motion to dismiss would pose no prejudice to Plaintiff.

I.    **ASCEND'S MOTION TO DISMISS COULD ELIMINATE THE NEED FOR DISCOVERY ALTOGETHER.**

Given the preliminary stages of this litigation and that Ascend seeks dismissal of the matter in its entirety, there is "good cause" for a brief stay of discovery. *See, e.g.*, *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery."). This Court routinely grants requests to stay discovery while dispositive motions to dismiss are pending to defray the cost of burdensome discovery until the complaint proves it can survive Rule 12 scrutiny. *See, e.g.*, *LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 54 (D. Mass. 1997) (noting prior allowance of motion to stay discovery pending resolution of motion to dismiss); *Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp. 2d 70, 78 (D. Mass. 1998) (same); *Thath Sin v. Mass. Dep't of Corr.*, 2012 WL 1570810, at *3 (D. Mass. May 2, 2012) (same); *Dicenzo*, 2016 WL 158505, at *1 (same). Plaintiff must state "the rudiments of a viable claim," which Defendant forcefully argues she has not, before being "entitled to undertake discovery at all." *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006).

II.   **A STAY WOULD NOT PREJUDICE PLAINTIFF.**

Granting a stay of discovery is warranted here, as it would be highly prejudicial to Ascend if it was immediately required to respond to broad and expensive discovery while Plaintiff's unmeritorious claims remain subject to facial legal challenge. On the other hand, Plaintiff would face no burden from this temporary stay of discovery. Ascend has a litigation hold in place and its

requested stay would ensure that discovery follows a determination that Plaintiff has stated a valid claim for relief. Any "delay in Plaintiff's receipt of discovery if [Defendant's] dispositive motions are denied" would be "relatively brief." *Dicenzo*, 2016 WL 158505, at *2. "Absent circumstances presenting a compelling need for prompt discovery—as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness . . . the principles underlying *Twombly* counsel in favor of granting defendant['s] motion to stay." *Dsm Desotech v. 3D Sys. Corp.*, 2008 U.S. Dist. LEXIS 87473, at *9 (N.D. Ill. Oct. 28, 2008). No such circumstances exist here, and, thus, no potential for prejudice to Plaintiff exists. A stay "may indeed even operate to [Plaintiff's] benefit." *Hillside Plastics*, 2018 WL 3727365, at *2.

**CONCLUSION**

For this and the other reasons set forth herein, good cause exists for this Court to grant Ascend's Motion to Stay Discovery. Ascend therefore respectfully requests that the Court enter an order staying all discovery in these matters until the Court's ruling on Ascend's pending Motion to Dismiss (in the event the Court denies the Motion in whole or in part).

Dated:  September 5, 2025

/s/ Jennifer L. Chunias
Jennifer L. Chunias (BBO# 644980)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
T: 617.570.1000
F: 617.523.1231
JChunias@goodwinlaw.com

Mark David McPherson (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
T: 212.813.8869
F: 212.202.4582

MMcPherson@goodwinlaw.com

Counsel for Defendant
Ascend Learning, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I, Jennifer L. Chunias, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 5, 2025.

*/s/ Jennifer L. Chunias*_____
Jennifer L. Chunias
