# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLISON HETRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ASCEND LEARNING, LLC,<br><br>Defendant. | Civil Action No. 1:25-cv-10103-NMG |

## JOINT STIPULATION REGARDING MOTION TO STAY DISCOVERY

Plaintiff Allison Hetrick and Defendant Ascend Learning, LLC (collectively, the "Parties") enter this stipulation ("Stipulation") for an Order that discovery is stayed pending resolution of Defendant's motion to dismiss with the exception that Plaintiff may serve subpoenas on Meta and Google. The Parties defer to the Court however on the scope of the subpoenas. Plaintiff contends that the non-party subpoenas should cover all allegations with the First Amended Complaint, i.e., every website alleged therein. Defendant contends that the non-party subpoenas should only cover information the third parties may have obtained about Plaintiff via her use of the ATI Testing website (https://www.atitesting.com/), because Plaintiff does not allege that she ever visited the other websites identified in the First Amended Complaint and thus lacks standing to assert any claims concerning those websites. The Parties state as follows.

1. On January 14, 2025, Plaintiff Allison Hetrick commenced this putative class action by alleging that Defendant's use of the Meta Pixel and Google Tag Manager violated the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.*, by sharing information about her from her use of Defendant's ATI testing website.

2. Plaintiff filed a First Amended Complaint on April 28, 2025. *See* ECF No. 27.

3. Defendant filed its Motion to Dismiss the First Amended Complaint on May 12, 2025. *See* ECF No. 28.

4. On June 17, 2025, Plaintiff filed her response (ECF No. 34) and Defendant filed a reply. *See* ECF No. 37.

5. On September 3, 2025, the Parties held a conference pursuant to Federal Rule of Civil Procedure 26(f).

6. On September 5, 2025, Defendant filed a motion to stay discovery. *See* ECF No. 42.

7. After filing the motion to stay, counsel for the parties conferred again and came to an agreement, subject to this Court's approval, that discovery between the parties will be stayed pending resolution of Defendant's motion to dismiss with the exception that Plaintiff may serve subpoenas on Meta and Google. The Parties defer to the Court however on the scope of the subpoenas. Plaintiff contends that the non-party subpoenas should cover all allegations with the First Amended Complaint, i.e., every website alleged therein. Defendant contends that the non-party subpoenas should only

cover information they may have obtained about Plaintiff via her use of the ATI Testing website (https://www.atitesting.com/), because Plaintiff does not allege that she ever visited the other websites identified in the First Amended Complaint and thus lacks standing to assert any claims concerning those websites. While the parties await the Court's approval of this agreement, Defendant agrees that briefing on the motion to stay discovery will be stayed and deadlines related to that motion will be tolled, such that Plaintiff does not need to file a brief in opposition to the motion unless the Court does not approve the parties' agreement to a partial stay as embodied in this stipulation; and Plaintiff agrees that Defendant need not respond to discovery requests Plaintiff served until 30 days after a ruling from the Court, if any, permitting discovery to proceed in the case. Defendant further agrees that its motion to stay discovery can be deemed withdrawn if the Court approves the parties' agreement to a partial stay.

8. Because the Court has not yet issued an order on discovery procedures, this stipulation is proper pursuant to Local Rule 26.1.

**WHEREFORE, IT IS HEREBY STIPULATED** by and between Plaintiff Allison Hetrick and Defendant Ascend Learning, LLC, that discovery is stayed pending resolution of Defendant's motion to dismiss with the exception that Plaintiff may serve subpoenas on Meta and Google, subject to the Court's determination of the scope of such nonparty subpoenas.

Respectfully submitted,

Dated: September 12, 2025

By: /s/ *Elliot O. Jackson*
Elliot O. Jackson (*pro hac vice*)
FL Bar No. #1034536
HEDIN LLP
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
ejackson@hedinllp.com

*/s/ Mark David McPherson*
Mark David McPherson (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
T: 212.813.8869
F: 212.202.4582
MMcPherson@goodwinlaw.com
Jennifer L. Chunias
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
T: 617.570.1000
F: 617.523.1231
JChunias@goodwinlaw.com

Counsel for Defendant Ascend Learning, LLC

## **RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiff conferred with counsel for Defendant about the proposed partial stay via email on September 10, 2025, and counsel for Defendant assented to this stipulation.

> */s/  Elliot O. Jackson*
> Elliot O. Jackson

## **CERTIFICATE OF SERVICE**

I, Elliot O. Jackson, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 12, 2025.

> */s/ Elliot O. Jackson*
> Elliot O. Jackson